

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DERRICK LANARD FORD,                    §
                                        §
            Petitioner,                 §
                                        §
v.                                      §        No. 4:12-CV-575-A
                                        §
RICK THALER, Director,                  §
Texas Department of Criminal            §
Justice, Correctional                   §
Institutions Division,                  §
                                        §
            Respondent.                 §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Derrick Lanard Ford, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I.  Procedural History

On November 29, 2007, a jury found petitioner guilty of murder in the Criminal District Court Number Two of Tarrant

County, Texas, Case No. 1090943R.  (SHR at 160[1])  The next day,
the jury assessed petitioner's punishment at twenty years'
confinement.  (*Id.*)  Petitioner appealed his conviction, but the
Second District Court of Appeals of Texas affirmed the trial
court's judgment, and the Texas Court of Criminal Appeals refused
his petition for discretionary review.  (*Id.* at 162-76)  *Ford v.
State*, PDR No. 249-09.  Petitioner also sought postconviction
state habeas corpus relief, to no avail.  (SHR at cover)

The evidence at trial placed petitioner and David Jackson in
the vicinity of a "car jacking" on the morning of August 10,
2000.  Witnesses testified that there appeared to be a struggle
in the truck while it was moving, and that the victim, Billy
Teel, jumped, fell, or was thrown or pushed out the driver's side
door.  (RR, vol. 4, at 8-25, 33-36, 86-88)  The truck then veered
sharply to the right and struck a curb and a light pole.  (*Id.* at
13-16, 22, 36)  Two African-American males exited the truck and
fled.  (*Id.* at 17-20, 89)  Several motorists stopped to render
aid to Teel and direct traffic, however Teel died later in the
hospital from head injuries.  (*Id.* at 15-16, 36-41; RR, vol. 5,
at 269-88)

------

[1]"SHR" refers to the state court record of petitioner's
state habeas proceeding in WR-77,547-01.

Shortly after the incident, a suspicious person call was made by a witness who saw Jackson running from the direction of the crime scene and saw him throw down a baseball cap, which was linked to Jackson by DNA testing. Later, another suspicious person call was made by an unidentified individual not far from the crime scene, and the responding officer found petitioner, who was dressed similarly to one of the two men seen fleeing the scene and who matched the description of the suspicious person call, walking in the middle of the street. (*Id.* at 58, 61) Petitioner was sweaty and dirty and had a loaded 9-millimeter automatic pistol in his left pants pocket. (*Id.* at 61-65, 69-70) Petitioner was arrested for unlawful carrying of a weapon. (*Id.* at 69-70) A jail inmate later informed law enforcement that petitioner confessed to his involvement in the offense. (RR, vol. 5, at 153) Nevertheless, the case went cold.

In 2006 the case was reassigned to Detective Matthew Hardy, who followed up with the witnesses and arranged DNA testing. (*Id.* at 204-13) Petitioner verbally confessed to his involvement in the offense to the detective at their meeting to obtain a DNA sample. The detective also obtained recorded incriminating statements by petitioner before he asserted his right to counsel. (*Id.* at 214-41)

3

## II.   Issues

Petitioner raises the following issues for habeas relief:

(1)   The state violated Brady by not disclosing to the petitioner or jury that State's Exhibit 35 — a traffic citation, failed to include a license plate number;

(2)   The state engaged in prosecutorial misconduct;

(3)   The trial court improperly commented on the weight of the evidence;

(4)   He received ineffective assistance of trial counsel;

(5)   The indictment was fatally defective;

(6)   The arrest warrant affidavit, arrest warrant, search warrant affidavit, and search warrant are not compliant with state statutory provisions;

(7)   The trial court failed to grant his motion to suppress; and

(8)   "Does compelling a suspect to enter a police vehicle with a search warrant for seizure of DNA sample constitute custody."

(Pet. at 6-7; Supp. Pet. at 6-7)

## III.   Rule 5 Statement

Respondent asserts that the claims in petitioner's supplemental petition, issues (5) through (8), enumerated above, are barred by the federal statute of limitations and that four of

petitioner's claims are procedurally barred.[2]   (Resp't Ans. at 4)

## IV.   Discussion

### Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the

---

[2]Petitioner asserts issues (5) through (8) are time-barred because petitioner's amended petition raising the claims was filed after limitations had already expired.  (Resp't Ans. at 25-29)  To be timely, a claim asserted in an amended petition must relate back to a claim in a timely filed petition or the amendment must itself be filed within the one-year federal limitations period.  *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  Because no federal habeas relief exists for the claims, the court need not address the time-bar issue.

Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

In this case, the state habeas court entered findings of fact, which were adopted by the Texas Court of Criminal Appeals. (SHR at 80-91, 157) Petitioner has failed to rebut the state

courts' factual findings by clear and convincing evidence; thus, this court defers to those findings in addressing petitioner's claims below.

### (1) *Brady Violation*

Under his first issue, petitioner claims the state failed to disclose, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that the traffic ticket admitted as State's Exhibit 35, connecting petitioner to a car found at a nearby apartment complex where the victim was doing remodeling work, omitted the license plate number of the car. (Pet. at 6; Pet'r Mem. at 4-8) To be entitled to habeas relief on a *Brady* claim, a petitioner must establish that the state suppressed or withheld evidence, which was both favorable and material to the defense. *Strickler v. Green*, 527 U.S. 263, 280 (1999); *Brady*, 373 U.S. at 87.

The state habeas court found, based on petitioner's trial counsel's affidavit, that the defense received a copy of the traffic ticket prior to trial and concluded that the state was "not obligated to produce material that is in the public domain, otherwise available to the defendant, or of which the defendant already has knowledge." (SHR at 81, 86-87). The state court's determination comports with Supreme Court precedent and is reasonable in light of the evidence in the state habeas

proceeding. *See United States v. Dixon,* 132 F.3d 192, 199 (5th Cir. 1997).

### (2)  *Prosecutorial Misconduct*

Under his second issue, petitioner claims the state committed prosecutorial misconduct by knowingly introducing and arguing false evidence — the "invalid" traffic ticket, and by "capitalizing" on the perjured testimony of Terry Scott, a jail inmate to whom petitioner confessed his involvement in the offense.[3] (Pet. at 6; Pet'r Mem. at 8-10)  As to the latter, petitioner complains of Scott's testimony that he recognized petitioner when he saw him in the jail's gym, that petitioner confessed to "jacking" "an old white guy" in a truck in the vicinity of the offense, that the man jumped out of the truck

---

[3]Petitioner also claims in his reply brief that the state improperly "vouched for the credibility" of Detective Hardy during closing argument in the guilt/innocence phase of the trial. (Pet'r Reply at 13) Petitioner raised this claim in his state habeas application but not in his original federal habeas petition. (State Habeas R. at 9, 26; Pet. at 6; Pet'r Mem. at 8-10)  The argument, raised for the first time in this court in petitioner's reply brief, is not considered. *See United States v. Sangs,* 31 Fed. Appx. 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition) (citing *United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998)); accord *United States v. Anderson,* 951 F.2d 626, 630 (5th Cir. 1992) (providing § 2255 movant could not amend pleadings to include new claims after the Government filed a responsive pleading).

before it crashed, that he "showed" the victim a gun, and that he
hid out for several hours before being arrested on the gun
charge. (RR, vol. 5, at 152-57) In support, petitioner
presented Sergeant L. E. Anderson's investigative notes that he
never got out of a holdover cell before making bond and the
testimony of Sheriff's Deputy Charles Kaiser that a prisoner
being held in a holding cell who had not yet been "classified"
would not have privileges to go to the gym. (Pet., Exs. E & F)

The state habeas court entered the following findings of
fact regarding these claims:

> 5.   Hon. Walt Cleveland [defense counsel] received a
>      copy of the traffic ticket prior to trial.
>
> 6.   Applicant did not raise on direct appeal that the
>      State's jury arguments were improper.
>
>      . . .
>
> 15.  Applicant presents no evidence to support his
>      claim that Terry Scott testified falsely.
>
> 16.  Applicant's citations to the record do not support
>      his claim that Terry Scott testified falsely.
>
> 17.  Applicant's citations to the record do not support
>      his claim that the State knowingly used perjured
>      testimony.

(SHR at 81-82) (record citations omitted)

The state court determined that petitioner's jury argument
claim was procedurally defaulted because it should have been, but

9

was not, raised on direct appeal. (*Id.* at 87)   This procedural-default finding bars a federal court on habeas review from reaching the merits of a defaulted claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-04 (1991); *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991).   Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.*, that the petitioner is actually innocent of the crime. *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *Coleman,* 501 U.S. at 750; *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001).   Such showing not having been made by petitioner, this claim is procedurally barred. (Pet'r Reply at 10-11)

As to the remaining claim, relying solely on state case law, the state court entered the following legal conclusions:

26.   The state may not obtain a conviction through the knowing use of perjured testimony.

27.   Inconsistent testimony goes to the credibility of the State's witnesses and does not establish the use of perjured testimony.

28.   Applicant has failed to prove that the State's witnesses testified falsely.

29.   Applicant has failed to prove that the State

knowingly used perjured testimony.

(SHR at 89) (citations omitted)

Petitioner has not shown that the state court's determination of the issue is contrary to, or involves an unreasonable application of, Supreme Court law or that it is unreasonable in light of the evidence in the state habeas proceeding.  Contradictory testimony does not prove perjury. *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990).  As noted by the state court, this claim essentially raises the issue of witness credibility.  Any inconsistencies or contradictions in the witnesses' testimony is a matter for the jury to resolve. *Little v. Butler,* 848 F.2d 73, 76 (5th Cir. 1988).  Furthermore, Scott testified that he too was being held in "holdover cells" at the time he spoke with petitioner and that "holdover cells" do have access to the gym.  (RR, vol. 5, at 161-62)  Finally, petitioner's mere assertions that the prosecutor was familiar with jail procedures and gave Scott testimonial immunity leading "one to infer that she knew he was lying," are insufficient to show that the state knowingly presented false testimony.  (Pet'r Mem. at 9; Pet'r Reply at 12)  *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983).  Petitioner offers no evidence, and the record reveals none, to indicate that the state acted in

collusion with Scott to facilitate false testimony or was aware of any allegedly false testimony offered by Scott.

### (3)   *Trial Court Error*
### *and*
### (5)   *Fatally Defective Indictment*

Under his third and fifth issues, petitioner claims that the trial court improperly commented on the weight of the evidence and that the indictment was fatally defective. (Pet. at 7; Supp. Pet. at 6)  The state habeas court determined that these claims were also procedurally defaulted because they should have been, but were not, raised on direct appeal. (SHR at 82-83, 88-89)  As previously noted, such a procedural-default finding bars a federal court on habeas review from reaching the merits of a defaulted claim. *Ylst*, 501 U.S. at 802-04; *Coleman*, 501 U.S. at 729-30.  Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.*, that the petitioner is actually innocent of the crime. *Sawyer*, 505 U.S. at 339-40; *Coleman*, 501 U.S. at 750; *Finley*, 243 F.3d at 220.  Such showing not having been made by petitioner, these claims are procedurally barred. (Pet'r Reply at 14-16)

### (4)  Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.  U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688.  Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance.  *Id.* at 687, 697.

Further, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy.  *Id.* at 668, 688-89.  Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.  Where the state courts have applied the *Strickland* attorney-performance standard to factual findings, a federal court will defer to the state courts' determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland*, or resulted in a decision that was based on an unreasonable

13

determination of the facts in light of the evidence in the state

court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002);

*Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Petitioner claims trial counsel rendered ineffective

assistance because counsel-

(1)  failed to interview witnesses, including state
     witnesses;

(2)  failed to have the buccal swab analyzed for
     alcohol to show that he was under the influence at
     the time of his interview with Detective Hardy;
     and

(3)  failed to read and discover that State's Exhibit
     35 — the traffic ticket, did not have the license
     plate number on it.

(Pet. at 7)

The state habeas judge, who also presided over the trial,

conducted a hearing by affidavit.  In his affidavit, trial

counsel responded to petitioner's allegations as follows:

I.  Counsel failed to interview witnesses, including
    State's witnesses.

    Either myself, Investigator Cliff Guinn, or both,
    interviewed Mr. Ford, Ginger Ford, and Detective Hardy.
    I personally examined and read all witness statements,
    which were provided through the State's open file
    discovery policy.  I analyzed witness statements and
    prepared cross examination points for each State's
    witness.  Due to the case being largely based on
    ·circumstantial evidence, and seven years old, I felt
    recorded statements made near the offense date were
    most reliable.

II.  Counsel failed to have the buccal swab analyzed
     for alcohol to show that applicant was under the
     influence at the time of his interview.

     The fact the [sic] Mr. Ford was under the
     influence at the time of his interview by Detective
     Hardy was never disputed.  The issue was, was he so
     drunk that he was incapable of making a knowing and
     intelligent waiver of his right to remain silent.
     Testing the buccal swab for the presence of alcohol
     would have yielded no useful measure of blood alcohol
     content or judgment ability.  Never the less, I did
     brief and argue intoxication as a factor in my Motion
     to Suppress, as well as at trial.  The issue was fully
     developed and failed both times.

III. Counsel failed to discover that State's exhibit 35
     did not have Applicant's signature or license
     plate number on it.

     A copy of State's exhibit 35 was made available to
     me prior to trial.  The citation was nothing more than
     a parking ticket.  The vehicle had been towed from the
     apartment complex where the Victim and his crew had
     been working.  Mr. Ford could not have signed the
     ticket because he was not present when the car was
     towed.  The ticket was admitted, over objection, as
     circumstantial evidence of Mr. Ford's presence in the
     area of the crime scene.

(SHR at 76-77)

The state habeas court found counsel's affidavit credible

and supported by the record and entered findings consistent with

the affidavit.  (SHR at 84-85)  Based on those findings, and

applying the *Strickland* standard, the state court concluded that

counsel's decisions not to interview the state's witnesses

because the recorded statements were more reliable and not to

have the buccal swab analyzed for alcohol because it would not
yield blood alcohol content or judgment ability were the result
of reasonable trial strategy and that petitioner had failed to
show counsel had not discovered state's exhibit 35 did not have
petitioner's signature or a license plate number on it.  (*Id.* at
90-91)  The court further concluded that petitioner had failed to
prove counsel's representation fell below an objection standard
of reasonableness or a reasonable probability that, but for
counsel's alleged acts of misconduct, the result of his trial
would have been different.  (*Id.*)

Petitioner has failed to demonstrate the state courts
unreasonably applied the standards set forth in *Strickland* based
on the evidence presented in state court.  28 U.S.C. § 2254(d).
Weighing the credibility of counsel and petitioner was the role
of the state habeas judge.  *Pippin v. Dretke,* 434 F.3d 782, 792
(5th Cir. 2005).  The state court's credibility determinations
made on the basis of conflicting evidence are entitled to a
strong presumption of correctness and are "virtually
unreviewable" by the federal courts.  *Id.*  Further, strategic
decisions by counsel are virtually unchallengeable and generally
do not provide a basis for postconviction relief on grounds of
ineffective assistance.  *Strickland*, 460 U.S. at 689.

16

(6)   Noncompliant Arrest Warrant Affidavit, Arrest
Warrant, Search Warrant Affidavit and Search Warrant

Under his sixth issue, petitioner claims the arrest warrant

affidavit, arrest warrant, search warrant affidavit and search

warrant are not compliant with state statutory provisions and/or

suffer from various defects.[4]  (Supp. Pet. at 6; Pet'r Supp.

Mem.[5])  Specifically, he asserts the arrest warrant affidavit

failed to comply with the wording in article 15.05 of the Texas

Code of Criminal Procedure,[6] he is not the person named in the

_____

[4]In his state habeas application, petitioner also claimed
the affidavits and warrants were not in compliance with
constitutional provisions, however petitioner does not urge this
claim in his supplemental federal petition.  (Supp. Pet. at 6)

[5]Petitioner's supplemental memorandum is not paginated.

[6]Petitioner cites to article 15.05 of the Texas Code of
Criminal Procedure, entitled "Requisites of Complaint," which
provides, in relevant part:

    The complaint shall be sufficient, without regard
    to form, if it have [sic] these substantial requisites:


        . . .


    2.   It must show that the accused has committed
some offense against the laws of the State, either
directly or that the affiant *has good reason to
believe, and does believe,* that the accused has
committed such offense.


        . . .

TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005) (emphasis added).

17

arrest and search warrants under the birth date of 8/23/74

because he was not born in the first century, and the arrest and

search warrant affidavits contain allegations of deliberate

falsehood and reckless disregard.    (Pet'r Supp. Mem.)

    The state habeas court entered the following findings of

fact relevant to the issue:

> 55.  There is no evidence, or allegation, that
> Applicant complained of the arrest warrant
> affidavit on the basis that it said "has reason to
> believe" and not "has good reason to believe."

> 56.  Affidavit alleging that he "has reason to believe"
> and not "has good reason to be believe" does not
> render the arrest warrant void.

> 57.  08/23/74, 8/23/1974, 8/23/1974, and 08/23/1974 all
> mean August 23, 1974.

> 58.  Applicant presents no credible argument that the
> arrest warrant affidavit, arrest warrant, search
> warrant affidavit, and/or search warrant were
> defective.

(SHR at 85)

    Based on its findings, and relying solely on state law, the

state court entered the following legal conclusions:

> 53.  Generally, a failure to object will preclude
> habeas review of a claim just as it would on
> direct appeal.

> 54.  "[A]ppellate courts will not consider any error
> which counsel for the accused could have called,
> but did not call, to the attention of the trial
> court."

55.   Because Applicant did not properly preserve his
      "arrest warrant affidavit" issue for direct
      appeal, it cannot be raised now.

56.   Applicant has failed to prove that the arrest
      warrant affidavit was not in compliance with the
      Constitution [and article 15.05] because it said
      "I have reason to believe" instead of "has good
      reason to believe."

57.   Applicant has failed to prove that the arrest
      warrant affidavit, arrest warrant, search warrant
      affidavit and search warrant were not in
      compliance with the Constitution because they
      listed his birthdate as "8/23/1974" and 08/23/74."

58.   Applicant has failed to prove that the arrest
      warrant was void.

59.   Applicant has failed to prove that the search
      warrant was void.

(*Id.* at 91)

Notwithstanding waiver of his claim that the arrest warrant

affidavit did not comply with article 15.05 of the Texas Code of

Criminal Procedure, petitioner does not explain how any of the

alleged deficiencies cause a violation of his federal

constitutional rights.  The habeas statute "unambiguously

provides that a federal court may issue a writ of habeas corpus

to a state prisoner 'only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United

States.'"  *Wilson v. Corcoran*, 562 U.S. —, 131 S. Ct. 13, 15

(2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  The Supreme

Court "has stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

Further, petitioner's argument that omitted digits in the date of birth rendered the warrants ambiguous is frivolous and disingenuous. And, finally, it does not appear petitioner's claim that the search and arrest warrants contain allegations of deliberate falsehood and reckless disregard was raised in the state courts. (SHR at 35-36) Accordingly, the claim is unexhausted. 28 U.S.C. § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West Supp. 2012). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, the claim, raised for the first time in this federal petition, is procedurally barred from this court's review. *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

**(7)   Trial Court Erred in Denying Petitioner's Motion to Suppress and**

**(8)   "Does Compelling a Suspect to Enter a Police Vehicle with a Search Warrant for Seizure of DNA Sample Constitute Custody"**

Under his seventh and eighth issues, petitioner claims the trial court erred by denying his motion to suppress and poses the question whether "compelling a suspect to enter a police vehicle with a search warrant for seizure of DNA sample constitute[s] custody" for purposes of article 38.22 of the Texas Code of Criminal Procedure. (Supp. Pet. at 7)  TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).  Article 38.22 provides that "[n]o oral . . . statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless . . . an electronic recording . . . is made of the statement."  *Id.* § 3(a).

As previously noted, federal habeas relief does not typically lie for errors of state law.  *Estelle*, 502 U.S. at 67. Additionally, petitioner provides no argument or citation to legal authority or the record in support of these claims.  Thus, the claims are inadequately briefed and are waived.  *Trevino v. Johnson*, 168 F.3d 173, 181 n.3 (5th Cir. 2006); *Martin v. Cain*, 246 F.3d 471, 475 n.1 (5th Cir. 2001).  Mere conclusory allegations are insufficient to raise a constitutional issue in a

habeas proceeding.  *Ross*, 694 F.2d at 1011.  A court will not raise and discuss legal issues that a pro se litigant has failed to assert.  *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

    For the reasons discussed herein,

    The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

    Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

    SIGNED May _____24_____, 2013.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

22